## HENRY MOORE v. V. DAVIS.

**Judgment—Correction of Mistakes in.**

> Courts will, by proper proceeding, correct mistakes innocently made by parties in the settlement of their accounts.

**Same.**

> A judgment against a defendant, who did not resist the action, cannot be revised for alleged mistakes, in a separate action, and resulting from the plaintiff's own lack of diligence.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHY. DIV.

May 1, 1871.

OPINION OF THE COURT BY JUDGE LINDSEY:

The petition in this cause discloses upon its face that the amount sought to be recovered is part of the rent claim which constituted the cause of action in another suit between the same parties, in which a judgment was rendered in favor of the appellee without resistance on the part of appellant for the full amount claimed. It is alleged, however, that by mistake of the appellee's attorney, but without any fault whatever upon the part of the appellant, a credit of fifty dollars was erroneously entered upon the account sued on before judgment, and hence that the judgment was for a less sum than was really due. And appellee seeks to be relieved against the consequences of his own mistake, by a second judgment for the balance still claimed to be due.

Courts will in proper proceedings correct mistakes innocently made by parties in the settlement of their accounts. They will correct judgments erroneously entered when there is anything in the record from which the correction can be made, also when the judgment was procured by fraud, or where it was rendered for less than was due, by reason of the mistake of the palintiff superinduced by anything done by the other party, or even when both parties are innocent of intentional wrong, when the mistake was such as could not have been discovered by the use of reasonable vigilance. But it is a general rule that the judgment "of a court of competent jurisdiction, is not only final as to all matters deter-

mined by it, but is also   *   *   *   final as to every other matter incident to the cause and which the parties might have put in issue and had litigated." This rule is founded in reason and propriety. It imports only the exercise of reasonable vigilance; tends to advance the ends of justice; to quiet the contentions of society, and to put an end to vexatious litigation, *"Talbott v. Todd, 5th Dana, 193."*

Tested by this rule it seems to us the petition presents no cause of action. The amount in controversy might and ought to have been recovered in the former action, and if the appellee or his attorney had exercised reasonable vigilance, no mistake would have occurred. The demurrer to the petition should have been sustained, and as the evidence in the case shows that it cannot be so amended as to present a cause of action the judgment is reversed and the cause remanded, with instructions to dismiss the proceeding.

*Dembitz & Wehle, for appellant.*

*Eastin, for appellee.*